IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH & WELFARE FUND, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> TOTAL HOME RESTORATION 1 a/k/a THR 1, Inc. <br><br> Defendant. | Judge: Ronald A. Guzman <br><br> Case No. 16-cv-10381 |

## MOTION TO REINSTATE AND CONFESS JUDGMENT

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and Catherine Wenskus, Administrator of the Funds (hereinafter collectively "Funds"), by and through their attorney, G. Ryan Liska, and hereby move this Court to Reinstate and Confess Judgment on the settlement Installment Note entered into by the parties in the above referenced matter. In support of this Motion, Plaintiffs state as follows:

1. On November 7, 2016 the Funds filed a Complaint against Total Home Restoration 1 a/k/a THR1 Inc. ("Defendant") to collect amounts found due and owing pursuant to two (2) fringe benefit and union dues compliance audits covering the periods January 1, 2012 through May 31, 2015 and June 1, 2015 through December 31, 2016. In addition, the lawsuit

sought payment for accumulated liquidated damages which were assessed against the Defendant as a result of it failing to timely pay its fringe benefit monthly reports.

2. On March 19, 2018, the Funds and Defendant resolved this matter when the parties entered into an Installment Note wherein the Defendant agreed to pay $132,500.00 plus 12% interest over the course of twenty-four (24) consecutive months. A true and accurate copy of the Installment Note is attached as Exhibit 1.

3. As a result of the Parties settlement, the Parties entered into an Agreed Stipulation to Dismiss and the Court subsequently entered a Minute Order in which the Court retained jurisdiction through April 25, 2020 to enforce the Installment Note agreement. (A true and accurate copy of the Agreed Stipulation to Dismiss and this Court's March 31, 2018 Minute Order are attached hereto as Exhibit 2.

4. The Installment Note required the Defendant to pay $132,500.00 plus 12% interest to the Funds over the course of twenty-four (24) months with the first payment commencing on May 1, 2018 and the final payment coming due on April 1, 2020. In addition the Installment Note required Defendant to make a $45,000.00 down payment on or before April 1, 2018.

5. Paragraph 7 of the Installment Note provides "in the event the Company fails to timely make any payments described in this Note, all amounts described in paragraph 1 [of the Note] herein shall immediately become due on the 20th day following the date on which payment should have been received by the Funds under the terms of this Note. In such event the Company further agrees to pay all attorneys' fees and costs incurred by the Funds in any action to enforce any part of this Note".

6. On April 17, 2018, the Funds provided a written notice of default to the Defendant via email and U.S. Mail which set forth the reason for the default and further requested that the defaulted be cured within 20 days of the written notice of default. (A true and accurate copy of the written notice of default which was sent via email and U.S. Mail is attached hereto as Exhibit 3). On or about April 26, 2018, Defendant paid $22,000.00 of the $45,000.00 down payment. (See Marcello Affidavit, ¶ 3 attached hereto as Exhibit 4). However, Defendant failed to remit the remaining $23,000.00 and the May 1st Note payment.

7. Defendant is in default of its Installment Note obligations by failing to timely remit the $45,000.00 down payments and its May 1st Note payment. (See Exhibit 4 Marcello Affidavit, ¶ 3)

8. By virtue of failing to timely pay the $45,0000.00 down payment in its entirety and May 1st Note payment and failing to cure the default within twenty (20) days, Defendant is in default of the terms and conditions of the Installment Note. Allowing for all just due credits, Defendant owes $124,629.20. (See Exhibit 4 Marcello Affidavit, ¶ 4).

WHEREFORE, the Funds respectfully request that this Court grant its Motion to Reinstate and Confess Judgment and:

A. Enter judgment jointly and severely in favor of the Funds and against Defendant Total Home Restoration 1 a/k/a THR1, Inc. in the amount of $124,629.20 plus $500.00 which represents Funds' attorney fees and expenses in enforcing Note and moving to reinstate this case;

B. Order Defendant to pay post judgment interest on the judgment amount until fully paid to the Funds; and

C. For any other relief deemed just inequitable.

May 31, 2018

Respectfully submitted,

Laborers' Pension Fund, et al.
By: /s/ G. Ryan Liska

Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

4

# CERTIFICATE OF SERVICE

The undersigned certifies that she caused a copy of the foregoing Motion to Reinstate and Confess Judgment to be served upon the following persons via the U.S. Mail on this 31st day of May 2018.

Joshua Karsh
Hughes Socol Piers
Resnick & Dym, Ltd.
70 W. Madison Street, Suite 400
Chicago, IL 60602

Kevin Ciccone
400 S. Lincoln Avenue
Park Ridge, IL 60068

/s/ G. Ryan Liska



# INSTALLMENT NOTE

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund"), the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and the Retiree Health and Welfare Fund ("Welfare Funds" or collectively the "Funds"), the parties of the first part, and Total Home Restoration 1 a/k/a THR 1, Inc. (the "Company"), the parties of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues;

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the audit periods of January 1, 2012 through May 31, 2015 and June 1, 2015 through December 31, 2016.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the Construction and General Laborers' District Council of Chicago and Vicinity, for the audit periods of January 1, 2012 through May 31, 2015 and June 1, 2015 through December 31, 2016.

WHEREAS, the Company desires to pay delinquencies owed to the Funds, to pay union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company agrees to pay the Funds $132,500.00 plus 12% interest over 24 consecutive months. The Note is back end loaded with the Company making the first twelve (12) monthly payments of $2,039.08 on the 1st of each month beginning on May 1, 2018 with the final payment due on April 1, 2019. The final twelve (12) monthly payments of $6,430.02 shall be made on the 1st of each month beginning on May 1, 2019 wit the final payment being paid by April 1, 2020. All amounts the Company agrees to pay to the respective Funds includes base contribution amounts, liquidated damages, accumulated liquidated damages, accumulated interest, note interest, legal fees, costs and audit costs. An amortization schedule is attached as Exhibit "A". Note, the amortization schedule contemplates the first monthly payment being due April 1, 2017. However, the Parties agreed the payment schedule shall run from May 1, 2018 through April 1, 2020 as detailed in this paragraph.

2. On or before April 1, 2018 the Company will make a down payment of $45,000.00 to the Funds which shall be distributed as follows: $14,357.73 to the Health and Welfare Fund; $1,452.00 to the Retiree Health and Welfare Fund; $9,105.67 to the Pension Fund; 2,201.53 to the Training Fund (comprised of $1,730.94 in delinquent contributions, $173.09 in liquidated damages and $297.50 in interest), $359.75 to the CAICA Fund (comprised of $282.63 in delinquent contributions, $28.26 in liquidated damages and $48.86 in interest), $314.79 to the LECET Fund (comprised of $247.31 in delinquent contributions, $24.73 in liquidated damages and $42.75 in interest), $547.49 to the LDCMC Fund (comprised of $428.07 in delinquent contributions, $42.81 in liquidated damages and $76.61 in interest) and $16,661.04 in union Dues (comprised of $2,586.39 in delinquent contributions and $14,074.65 in liquidated damages).

3. Included in the $132,500.00 principal, the Company will pay the Funds the sum of $5,000.00 representing attorney fees and costs incurred by the Funds in Case No. 16 C 10381. This amount is split between the Welfare, Retiree Welfare and Pension Funds.

4. Included in the $132,500.00 principal, the Company will pay the Funds the sum of $4,604.24 in audit costs. This amount split equally between Welfare and Pension.

5. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

6. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds reserve the right to conduct an audit, in accordance with the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the 24 month Installment Note period and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on said audit.

7. Payments made pursuant to this Installment Note shall be considered "contributions" as defined under the terms of the CBA and the Funds' respective Agreements and Declarations of Trust. If the payments are not paid by the 20th day following the date on which payment should have been received, the payments shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Funds' respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this note, all amounts

described in paragraph 1 herein shall immediate
should have been received by the Fund's under the
all attorneys' fees and costs incurred by the Funds

8. This Installment Note is conditioned on the Compa
under the terms of the collective bargaining agree
In the event that the Company fails to maintain t
and the Funds' respective Agreements and Decla
timely contribution and dues reports and to make
month in which laborers' work was performed, th
due under this Installment Note, plus payment of
accelerate this Installment Note.

9. The Parties acknowledge and agree that any paym
U.S.C. § 186(c)(2) and that they involve the co
grievance or dispute in the absence of fraud or dur

10. The Company further agrees to obtain and ma
contributions as required under the terms of the C

11. The Company shall have the right to prepay the e
is due without penalty and without payment of a
payment has been made.

The Parties hereby agree to these terms by their e

Total Home Restoration 1 a/k/a THR 1, Inc.

By: _Kevin [signature]_

Title: _PRESIDENT_

Laborers' Pension Fund, Laborers' Welfare Fund of th
Laborers' District Council of Chicago and Vicinity and Re

By: _[signature] Weiss_

Compound Period: Monthly

Nominal Annual Rate: 12.00%

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 3/13/2018 | 87,500.20 | 1 | | |
| 2 Payment | 4/1/2018 | 2,039.08 | 12 | Monthly | 3/1/2019 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 3/13/2018 | | | | 87,500.20 |
| 1 | 4/1/2018 | 2,039.08 | 546.58 | 1,492.50 | 86,007.70 |
| 2 | 5/1/2018 | 2,039.08 | 860.08 | 1,179.00 | 84,828.70 |
| 3 | 6/1/2018 | 2,039.08 | 848.29 | 1,190.79 | 83,637.91 |
| 4 | 7/1/2018 | 2,039.08 | 836.38 | 1,202.70 | 82,435.21 |
| 5 | 8/1/2018 | 2,039.08 | 824.35 | 1,214.73 | 81,220.48 |
| 6 | 9/1/2018 | 2,039.08 | 812.20 | 1,226.88 | 79,993.60 |
| 7 | 10/1/2018 | 2,039.08 | 799.94 | 1,239.14 | 78,754.46 |
| 8 | 11/1/2018 | 2,039.08 | 787.54 | 1,251.54 | 77,502.92 |
| 9 | 12/1/2018 | 2,039.08 | 775.03 | 1,264.05 | 76,238.87 |
| 2018 Totals | | 18,351.72 | 7,090.39 | 11,261.33 | |
| 10 | 1/1/2019 | 2,039.08 | 762.39 | 1,276.69 | 74,962.18 |
| 11 | 2/1/2019 | 2,039.08 | 749.62 | 1,289.46 | 73,672.72 |
| 12 | 3/1/2019 | 2,039.08 | 736.73 | 1,302.35 | 72,370.37 |
| 2019 Totals | | 6,117.24 | 2,248.74 | 3,868.50 | |
| Grand Totals | | 24,468.96 | 9,339.13 | 15,129.83 | |

| Compound Period: | Monthly |
|---|---|
| Nominal Annual Rate: | 12.000% |

CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 3/1/2019 | 72,370.37 | 1 | | |
| 2 | Payment | 4/1/2019 | 6,430.02 | 12 | Monthly | 3/1/2020 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 3/1/2019 | | | | 72,370.37 |
| 1 | 4/1/2019 | 6,430.02 | 723.70 | 5,706.32 | 66,664.05 |
| 2 | 5/1/2019 | 6,430.02 | 666.64 | 5,763.38 | 60,900.67 |
| 3 | 6/1/2019 | 6,430.02 | 609.01 | 5,821.01 | 55,079.66 |
| 4 | 7/1/2019 | 6,430.02 | 550.80 | 5,879.22 | 49,200.44 |
| 5 | 8/1/2019 | 6,430.02 | 492.00 | 5,938.02 | 43,262.42 |
| 6 | 9/1/2019 | 6,430.02 | 432.62 | 5,997.40 | 37,265.02 |
| 7 | 10/1/2019 | 6,430.02 | 372.65 | 6,057.37 | 31,207.65 |
| 8 | 11/1/2019 | 6,430.02 | 312.08 | 6,117.94 | 25,089.71 |
| 9 | 12/1/2019 | 6,430.02 | 250.90 | 6,179.12 | 18,910.59 |
| 2019 Totals | | 57,870.18 | 4,410.40 | 53,459.78 | |
| 10 | 1/1/2020 | 6,430.02 | 189.11 | 6,240.91 | 12,669.68 |
| 11 | 2/1/2020 | 6,430.02 | 126.70 | 6,303.32 | 6,366.36 |
| 12 | 3/1/2020 | 6,430.02 | 63.66 | 6,366.36 | -- |
| 2020 Totals | | 19,290.06 | 379.47 | 18,910.59 | |
| Grand Totals | | 77,160.24 | 4,789.87 | 72,370.37 | |

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.1
### Eastern Division

Laborers Pension Fund, et al.
                                  Plaintiff,

v.                                                   Case No.: 1:16−cv−10381
                                                       Honorable Ronald A. Guzman

Total Home Restoration 1
                                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 21, 2018:

       MINUTE entry before the Honorable Ronald A. Guzman: Pursuant to the parties' agreed stipulation to dismiss [35], this case is dismissed without prejudice and with leave to reinstate to enforce the terms of the settlement agreement, on or before April 25, 2020. Absent any motion filed on or before April 25, 2020, the dismissal will automatically convert to a dismissal with prejudice on April 26, 2020. Any pending motions or schedules in this case are stricken as moot. Civil case terminated. Mailed notice(is, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, THE CHICAGO ) <br> LABORERS' DISTRICT COUNCIL ) <br> RETIREE HEALTH & WELFARE FUND, ) <br> and JAMES S. JORGENSEN, ) <br> Administrator of the Funds, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> TOTAL HOME RESTORATION 1 a/k/a ) <br> THR 1, Inc. ) <br> ) <br> Defendant. ) | Judge: Ronald A. Guzman <br><br> Case No. 16-cv-10381 |

## AGREED STIPULATION TO DISMISS

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds"), and James S. Jorgensen, Administrator of the Funds (hereinafter collectively "Funds"), by and through their attorney, G. Ryan Liska, and Defendants Total Home Restoration 1 a/k/a THR 1, Inc., by and through their attorney, John Karsh of the firm of Hughes, Socol, Piers, Resnick & Dym, Ltd, and hereby submit the Parties' Agreed Stipulation to Dismiss, pursuant to settlement. In support of this Stipulation, the Parties state as follows:

1. The parties have reached settlement pursuant to the terms of a Settlement Agreement. The Parties respectfully request that this matter be dismissed without

prejudice and with leave to reinstate to enforce the terms of the settlement agreement, on or before April 25, 2020.

2.      Absent any motion filed on or before April 25, 2020, the Parties respectfully request that this matter be dismissed with prejudice on April 26, 2020.

                                                                Respectfully submitted,

March 21, 2018                                            Laborers' Pension Fund, et al.

                                                                By: /s/ G. Ryan Liska

Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, IL 60604
(312) 692-0354

March 21, 2018                                            Total Home Restoration 1 a/k/a THR 1, Inc.,

                                                                By: /s/ Joshua Karsh

Joshua Karsh                                                  Counsel for THR1, Inc.
Hughes Socol Piers
Resnick & Dym, Ltd.
70 W. Madison Street, Suite 4000
Chicago, IL 60602

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused copies of the foregoing Agreed Stipulation to Dismiss to be served upon the following person via the Court's electronic notification system this 21st day of March, 2018.

Joshua Karsh  
Hughes Socol Piers  
Resnick & Dym, Ltd.  
70 W. Madison Street, Suite 400  
Chicago, IL 60602

By: /s/ G. Ryan Liska



**LABORERS' PENSION FUND and HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY and CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH and WELFARE FUND**

MAIN OFFICE
11465 CERMAK ROAD
WESTCHESTER, ILLINOIS 60154-5768
Telephone: (708) 562-0200
www.chicagolaborersfunds.com

CHICAGO OFFICE
111 W. JACKSON BLVD., SUITE 1415
CHICAGO, ILLINOIS 60604-3868
Telephone: (312) 692-1540
Fax: (312) 692-1489

*From the Office of Fund Counsel*

April 17, 2018

Kevin Ciccone
400 S. Lincoln Avenue
Park Ridge, IL 60068
VIA U.S. Mail and Email (kevingciccone@comcast.net)

**BOARD OF TRUSTEES**

*Administrator*
CATHERINE WENSKUS

*Secretary*
DAVID H. LORIG

**PENSION FUND**

*For Labor*
ANTHONY CANTONE
JAMES P. CONNOLLY
PAUL P. CONNOLLY
SHAWN FITZGERALD
CHARLES V. LOVERDE, III

*For Employers*
ROBERT J. HOPKINS, JR.
CLIFTON M. HORN
KAREN ELIN JOHNSON
ROBERT G. KRUG
DAVID H. LORIG
GARY LUNDSBERG

**WELFARE FUND**

*For Labor*
JAMES P. CONNOLLY
MARTIN T. FLANAGAN
RICHARD KUCZKOWSKI
CHARLES V. LOVERDE, III
WILLIAM J. MARTIN

*For Employers*
JULIE CHAMBERLIN
CHARLES J. GALLAGHER
CLIFTON M. HORN
DAVID H. LORIG
DENNIS P. MARTIN
ANTHONY J. RICCARDI

**RETIREE WELFARE FUND**

*For Labor*
JAMES P. CONNOLLY
MARTIN T. FLANAGAN
RICHARD KUCZKOWSKI
CHARLES V. LOVERDE, III
WILLIAM J. MARTIN

*For Employers*
JULIE CHAMBERLIN
CHARLES J. GALLAGHER
CLIFTON M. HORN
DAVID H. LORIG
DENNIS P. MARTIN
ANTHONY J. RICCARDI

Re:   *Laborers' Pension and Welfare – Total Home Restoration 1 a/k/a THR1, Inc.*
      *Notice of Promissory Note Default*

Dear Kevin:

This letter is written for purposes of providing notice to you and THRI, Inc., ("Company") are in default of the terms and conditions of the Promissory Note and Guaranty of Payment and Indemnification.

On March 19, 2018 you executed a Promissory Note and Guaranty of Payment and Indemnification which obligated the Company to make an Installment note down payment of $45,000.00 on or before April 1, 2018. By virtue the Company failing to timely pay the 45,000.00 down payment, the Company is in default. By virtue of you executing the Guaranty of Payment and Indemnification, the Note and liability extends to you personally as well.

In the event the Company does not cure the default within twenty (20) days, the Funds will exercise its rights to accelerate and collect all amounts due under the Note plus all attorneys' fees incurred as a result of the default. In the event you have any questions feel free to contact me.

Very truly yours,

LABORERS' PENSION AND WELFARE FUNDS

G. Ryan Liska
GRL/va

cc: Josh Karsh

EMPLOYER PARTICIPANTS –
Builders' Association, Employing Plasterers' Association, Underground Contractors' Association, Mason Contractors' Association, Concrete Contractors' Association, Wrecking Contractors, Concrete Products Employers, Lake County Illinois Employers, Illinois Road Builders As[...]
Structural Builders; i.e. all those who employ Laborers Engaged in the Building and Construction Industry.

EXHIBIT 3

# Ryan Liska

| | |
|---|---|
| From: | Ryan Liska |
| Sent: | Tuesday, April 17, 2018 2:55 PM |
| To: | 'kevingciccone@comcast.net' |
| Cc: | 'Joshua Karsh' |
| Subject: | Notice of Default |
| Attachments: | 201804171545.pdf |

Kevin

Attached is the Notice of Default. This notice will also be sent via US Mail. In the event the default is not cured I will be forced to file a motion to reinstate and confess judgment against you and the Company

Ryan

**G. Ryan Liska**
**Office of Fund Counsel**
**111 W. Jackson, Suite 1415**
**Chicago, IL 60604**
**Tel: 312-692-0354**
**Fax: 312-692-1489**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH & WELFARE FUND, and JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, v. TOTAL HOME RESTORATION 1 a/k/a THR 1, Inc. Defendant. | Judge: Ronald A. Guzman  Case No. 16-cv-10381 |

## AFFIDAVIT OF ROCCO MARCELLO

ROCCO MARCELLO, being first duly sworn on oath, deposes and states as follows:

1. I am a Field Representative employed by the Laborers' Pension Fund and the Laborers' Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter collectively referred to as the "Funds"), Plaintiffs in the above-referenced action. My responsibilities include oversight of the collection of amounts owed by Total Home Restoration 1 a/k/a THR1, Inc., (hereinafter "THR1") including but not limited to monthly fringe benefit payments and installment note payments. This Affidavit is submitted in support of the Laborers' Funds' Motion to Reinstate and Confess Judgment. I have personal knowledge regarding the statements contained herein.

2. On March 19, 2018, THR1 signed an Installment Note ("Note") in settlement of



EXHIBIT 4

this case. A true and accurate copy of the Installment Note is attached to the Motion to Reinstate as Exhibit 1. The Note required THR1 to remit a $45,000.00 down payment on or before April 1, 2018.

2. On April 17, 2018, the Funds provided a written notice of default to THR1 via email and U.S. Mail which set forth the reason for the default and further requested that the default be cured within 20 days.

3. On or about April 26, 2018, THR1 paid $22,000.00 of the $45,000.00 down payment. However, THR1 failed to remit the remaining $23,000.00 and the May 1st Note payment. Therefore, THR1 failed to cure the Note default.

4. Under the terms of the Note, THR1 now owes $124,629.20 in past due and accelerated payments due on the Note.

FURTHER AFFIANT SAYETH NOT.

ROCCO MARCELLO

Subscribed and sworn to before me
this 30th day of May 2018.

Notary Public

"OFFICIAL SEAL"
JEANNETTE ZECK
Notary Public, State of Illinois
My Commission Expires 10/12/18